USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/23/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
B.M., as Administratrix of the Estate of Her Sister      :
Z.O.,                                                                   :
                                          Plaintiff,           :
                                                                        :
                     -against-                                   :
                                                                        :              22-CV-2658 (VEC)
ELIZABETH GONZALEZ, SHIRLEY                         :
WASHINGTON, PURITY MABODOKO,                    :              ORDER
CHRISTINE BARNETT, NIESHA JOHNSON,           :
BERNICIA SOGBESAN, CAROL CARD,                  :
ANGELINE NEELY, TORRAINE BAYNES,              :
RAVEN ELLIS, ANGELA MARTIN,                        :
SHEMAIAH HARGROVE, NIESHA WHITE,             :
KRISTAL DIXON, VANESSA WOODS,                    :
OLUEBERE NWOKOCHA, AVRIL BROWN,            :
and DAVID ROTCHFORD,                                     :
                                          Defendants.    :
-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

        WHEREAS on January 3, 2023, the parties appeared by teleconference to discuss a

discovery dispute regarding the applicability of the parties' protective order as to employee

disciplinary records;

        WHEREAS on January 6, 2023, Plaintiff filed a letter-motion arguing that disciplinary

records of current and former employees should not be treated as confidential under the parties

yet-to-be-executed Protective Order, *see* Dkt. 85;

        WHEREAS on January 11, 2023, Defendants submitted a letter arguing that they should

be able to designate as confidential disciplinary records of current and former employees, *see*

Dkt. 86; and

        WHEREAS "[o]nce the moving party has established good cause for entry of a protective

order, 'the court ultimately weighs the interests of both sides in fashioning an order.'" *Garnett-*

*Bishop v. N.Y. Cmnty. Bancorp, Inc.*, 2013 WL 101590, *1–2 (E.D.N.Y. Jan. 8, 2013) (quoting *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010)).

IT IS HEREBY ORDERED that Plaintiff's motion is DENIED.  The Court finds that employee disciplinary records belonging to current and former employees of Defendants are presumptively private; the public right of access to information does not outweigh the privacy interests of such records, the dissemination of which could lead to "economic or emotional harm."  *See Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 73 (S.D.N.Y. 2010) (citation omitted); *see also Garnett-Bishop v. N.Y. Cmnty. Bancorp, Inc.*, 2013 WL 101590, *1–2 (E.D.N.Y. Jan. 8, 2013); *Mitchell v. Met. Life Ins. Co.*, 2004 WL 2439704, *2 (S.D.N.Y. Nov. 2, 2004).  The Court notes, however, that while it presently finds that the documents at issue deserve confidential treatment, the privacy-interest analysis may shift at the summary judgment stage in this litigation.

IT IS FURTHER ORDERED that the parties are directed to resubmit their proposed protective order in accordance with this order by no later than **January 27, 2023**.

**SO ORDERED.**

Date:  **January 23, 2023**                                 **VALERIE CAPRONI**
      **New York, New York**                          **United States District Judge**