UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/30/2023
```

B.M., as Administratrix of the Estate of Her Sister Z.O.,

                *Plaintiff*,

- against -

ELIZABETH GONZALEZ, SHIRLEY WASHINGTON, PURITY MABODOKO, CHRISTINE BARNETT, NIESHA JOHNSON, BERNICIA SOGBESAN, CAROL CARD, ANGELINE NEELY, TORRAINE BAYNES, RAVEN ELLIS, ANGELA MARTIN, SHEMAIAH HARGROVE, NIESHA WHITE, KRISTAL DIXON, VANESSA WOODS, OLUEBERE NWOKOCHA, AVRIL BROWN, and DAVID ROTCHFORD,

                *Defendants*.

**QUALIFIED PROTECTIVE ORDER**

22-CV-2658 (VC)

      The parties to this action have met and conferred concerning a protocol for the designation and treatment of confidential information.

      WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic information that they may need to disclose in connection with discovery in this action;

      WHEREAS, the Parties, through counsel, agree to the following terms; and

      WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

      IT IS HEREBY ORDERED that the following provisions shall govern claims of confidentiality in these proceedings:

1

(1) The following documents and information shall be deemed "Confidential Information": All information supplied in any form concerning:

(a) the care of the individual named Plaintiff by the Office for People With Developmental Disabilities ("OPWDD");

(b) other individuals served by OPWDD or any other State agency, or any agency, contractor or service provider who coordinates services with OPWDD or any other State agency;

(c) family members, next friends, or guardians of any such individuals; and

(d) any other natural person or legal entity that has a right to privacy or confidentiality, or an obligation to treat as confidential certain categories of information within its possession, as codified in federal, State or local laws including but not limited to the Health Insurance Portability and Accountability Act (HIPAA) of 1996, its implementing regulations (45 C.F.R. § 164.512), the New York Mental Hygiene Law or as otherwise established by statute, regulation or common law.

(2) In addition, the following documents and information shall be deemed Confidential Information, provided that such documents are not known by counsel for the producing party to be publicly available at the time that the production is made:

(a) Sensitive Personal Data, such as personal identifiers, Social Security numbers, dates of birth, financial information, and tax records.

(b) Employer or employee personnel files, and all documents and information that relate to the substance or contents of personnel files of any Party of Non-Party, including but not limited to personal and administrative files and other personal information, documents reflecting the salary, health information, job performance, age,

race, national origin, gender, and/or other information of any employee or personnel presently or formerly employed by OPWDD.

(c) Medical Records, including medical files and reports.

(d) Records, reports and other documents pertaining to allegations and investigations into reportable incidents at a facility covered by Section 33.25 of the New York Mental Hygiene Law.

(e) Non-public criminal history.

(f) Any category of information given confidential status by the Court.

(3) If any Party or non-Party with an interest in the information to be produced believes that a document or information not described in the above paragraphs should nevertheless be treated as Confidential Information, it may meet and confer with counsel to reach agreement to mark the document or information as Confidential Information or, if agreement cannot be reached, it may make application to the Court. Such application shall only be granted for good cause shown.

(4) Certain documents to be produced in this case may also contain the private health or treatment information of nonparties, including nonparties who suffer from a developmental disability and/or who are served by OPWDD or any other State agencies ("Private Nonparty Information"). To the extent any document to be produced in this action contains such Private Nonparty Information, an attorney for the producing party may redact identifying information of the affected nonparty, including the nonparty's name, date of birth, social security number, and any other unique ID numbers, prior to production.

(5) The failure to designate Confidential Information as "CONFIDENTIAL" or to mark documents containing Confidential Information as "CONFIDENTIAL" shall not constitute

a waiver of the confidentiality of the document or information. No party to this Order, however, shall be held in violation of this Order for the disclosure of a document or information that was not marked or identified as Confidential as set forth in this Order before the date of the disclosure.

(6) If information designated as confidential is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "CONFIDENTIAL," and incorporate by reference the appended material into the responses.

(7) At the time of a deposition, or after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraphs (a) and (b) above. At the deposition, a party may designate the transcript or portions of it as confidential by making a statement on the record to that effect. After the deposition, a party may designate the transcript or portions of it as confidential by serving a writing to that effect upon all counsel by email communication. No objection shall be interposed at deposition that an answer would elicit confidential information.

(8) Deposition testimony, the information conveyed in that testimony, exhibits used or referenced in the deposition, and transcripts recording such testimony and information shall be treated as strictly confidential from the time that the testimony is given until 10 days after the deposition transcript is received by each party. After that date, any portions of a transcript designated confidential as set forth in the preceding paragraph, and the testimony, exhibits and information provided in them, shall remain confidential and be handled in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter.

(9) A party that questions the producing party's confidentiality designation will, as an initial step, contact the producing party and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute without court intervention, the producing party that designated the material "CONFIDENTIAL" shall write to the Court by electronically filing a letter not exceeding five pages in length, exclusive of attachments. A response not exceeding five pages in length, exclusive of attachments, must be served and filed within four days of receipt of the letter, unless a motion for additional time is granted. The party that produced the information designated as "CONFIDENTIAL" bears the burden of proving it was properly designated. The party challenging a "CONFIDENTIAL" designation must obtain a court order before disseminating the information to anyone other than those identified in sections (10) and (11) of this Order.

(10) Documents or information designated "CONFIDENTIAL" or containing "Confidential Information" shall not be shown or made available to anyone except: the parties to this action, their counsel, their counsel's legal, technical and copying staff, experts, actual or proposed witnesses, court reporters, court personnel and other persons required to review the documents for the prosecution or defense of this lawsuit. Each person to whom confidential documents or information are made available shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidentiality of the information and to strictly comply with the terms of this Order.

(11) Any individual other than the Court and its personnel, the parties, their counsel, their counsel's legal, technical and copying staff, and court reporters to whom Confidential Information is disclosed shall date and execute an Acknowledgment in the form attached hereto as Exhibit A and shall agree to be bound by this Order before that person is given access to any

Confidential Information. Counsel for the party disclosing the Confidential Information to the person(s) executing the Acknowledgement(s) shall retain the dated and executed Acknowledgments and that counsel shall maintain a list of all persons given access to any Confidential Information from this action and the date when that party or counsel first provided access to the Confidential Information. The executed Acknowledgement(s) and the list required by this provision shall be subject to inspection by the Court, in the event of any actual or alleged violation of this Order, and shall be subject to inspection by the producing party with the Court's approval or at the conclusion of the litigation.

(12)   The parties agree that any Confidential Information produced, shared or otherwise disclosed in this litigation may be used or further disclosed (as limited by this Order) solely for the purpose of the prosecution or defense of this action.

(13)   Review of any privileged, protected, immune or confidential document or information by any party, counsel, expert, consultant, or other person after that information is disclosed in this litigation shall not constitute a waiver of the privilege, protection, immunity or confidentiality of the document or information.

(14)   The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of any party's claim of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the documents or information that the party produced or otherwise disclosed should be designated as "CONFIDENTIAL," the party may so designate by apprising all parties in writing, and the documents or information shall thereafter be treated as confidential under this Order.

(15)   In the event that a person inadvertently discloses Confidential Information to a person not authorized to receive such disclosure under the provisions of this Order, or in a

pleading, filing, hearing, or other proceeding in this action, the party responsible for having made such disclosure shall immediately (i) notify counsel for the party who produced the information that it was inadvertently disclosed (identifying it by Bates range), to whom and when it was disclosed, and (ii) attempt to reach agreement with counsel for the producing party on appropriate steps to take in response to the disclosure; and (iii) procure the return of all Confidential Information from the person to whom it was made available if the producing party requests that action or, (iv) if on file with the Court, immediately move to withdraw the Confidential Information and seek leave of the Court to re-file under seal, or move to have the Confidential Information sealed, or treat the information in accordance with any other agreement reached with the party who produced the information.

(16)   In the event any document containing Confidential Information that is subject to this Order must be filed with the Court prior to trial, it shall be provisionally filed under seal with the filing party's motion for leave to file under seal.  A party seeking to file a document under seal must comply with the Court's rules and electronic docketing procedures for filing such motions. To the extent practicable, counsel shall file under seal only those specific documents, information and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such confidential information, unless the parties agree otherwise in writing or independent good cause is demonstrated. Nothing in this stipulated Order shall constrain the Court's ability to restrict or permit public access to the documents filed on the docket or alter the standards under which public access to documents is determined.

(17)   Within sixty (60) days after the conclusion of the litigation (including resolution of all appellate proceedings), all confidential documents and information (including all copies

made in electronic or any other form) shall be returned to the respective producing parties or producing third parties or destroyed by the recipients, at the option of the producing party, consistent with federal requirements for qualified protective orders.  However, counsel of record for the parties to this action may retain their work product, copies of court filings, and official transcripts and exhibits.

(18)	In light of the foregoing provisions, this Protective Order shall serve as a qualified protective order under HIPAA and its implementing regulations and shall serve as an order allowing covered entities to produce documents, medical records and other information as requested in this matter.

(19)	Pursuant to New York Mental Hygiene Law § 33.13(c)(1), the Court finds that disclosure of Confidential Information such as that addressed by this Order is required for the Court to reach the merits of this action and, therefore, the interests of justice significantly outweigh the need for confidentiality, so long as the parties abide by the terms of this Order.

(20)	Pursuant to New York Public Officers Law § 96(k), the Court finds that, to the extent discovery in this action requires the disclosure of relevant portions of records and personal information regarding current or former OPWDD employees, such disclosure would be permissible as made pursuant to a compulsory legal process, so long as the parties abide by the terms of this Order.

(21)	Should any party bound by this Order receive a subpoena, civil investigative demand, or other legal process from a third party seeking or requiring disclosure of Confidential Information from this action, that party shall provide written notice of such request to the other parties no later than seven (7) days from the date the request is received.

(22)     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

(23)     This Order is entered into without prejudice to the right of any party to ask the Court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Order when convenience or necessity requires.  Disclosure other than as provided for herein shall require the prior written consent of the producing party, or a supplemental Order of the Court.

**THIS SECTION INTENTIONALLY LEFT BLANK**

STIPULATED AND AGREED:

Dated: New York, New York
       January 27, 2023

                        EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
                             *Counsel for Plaintiff*

By: /s/ Max S.

Ilann M. Maazel
Max Selver
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

Dated: New York, New York
       January 27, 2023

                        LETITIA JAMES
                        Attorney General of the State of New York
                             *Counsel for Defendants*

By: /s/

Erin Kandel
Rebecca Culley
Assistant Attorneys General
28 Liberty Street
New York, New York 10005
(212) 416-6536
Erin.kandel@ag.ny.gov

SO ORDERED:

/s/ Valerie Caproni

Honorable Valerie E. Caproni
United States District Judge   Date: 1/30/2023

> Notwithstanding paragraph 9, or any other paragraph to the contrary herein, the parties must comply with the Undersigned's Individual Rules in the event there is a discovery dispute pertaining to the confidential treatment of documents produced under this Order (Rule 3(B)).

10

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I have read the Qualified Protective Order issued by the United States District Court for the Southern District of New York in *B.M.. v. Gonzalez et al.*, 22-CV-02658 on **[DATE ISSUED].** I understand the terms of the Order, I agree to be fully bound by the terms of the Order, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the Order. I understand that the terms of the Order obligate me to use Confidential Information, including documents and information designated as confidential in this action, solely for purposes of this litigation and not to disclose any such documents or information to any other person or entity. I understand that violation of the Order is a serious offense that may result in penalties for contempt of court.


By: _____          Dated:_____

Printed Name: _____