**MEMO ENDORSED**

# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

MONDAIRE JONES
VASUDHA TALLA

ERIC ABRAMS
DAVID BERMAN
NICK BOURLAND
DANIEL M. EISENBERG
ARIADNE M. ELLSWORTH
SARA LUZ ESTELA
LAURA S. KOKOTAILO
SONYA LEVITOVA
SARAH MAC DOUGALL
SANA MAYAT
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER

January 16, 2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/17/2024

*Via ECF*

Honorable Valerie Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

RE: *B.M. a/o/e Z.O. v. Gonzalez, et al.*, 22-CV-2658

Dear Judge Caproni:

We represent Plaintiff in the above-captioned case. We write pursuant to Federal Rule of Civil Procedure 26(c) to request that the Court modify the Confidentiality Order entered in *D.K. et al. v. Teams et al.*, No. 16 Civ. 3246 (S.D.N.Y.) (the "Prior Action") to permit Plaintiff to produce discovery materials that were marked "Confidential" in the Prior Action to Defendants in this case (the "Present Action"), provided that those materials remain marked "Confidential" and receive Confidential treatment under the Qualified Confidentiality Order governing discovery in the Present Action. Dkt. 89. Our law firm was counsel to all plaintiffs in the Prior Action, and Z.O. is a plaintiff in both this and the Prior Action. Defendants, who are copied on this correspondence, neither consent nor object to Plaintiff's application.

***Background***

In the Present Action, Plaintiff Z.O. alleges that Defendants, staff members and supervisors at the Union Avenue IRA, a State-run group home for people with developmental disabilities, caused her death by failing to provide her with appropriate care to prevent her from suffering a fatal bowel impaction. *See* Compl., Dkt. 1. Z.O. alleges that Defendants may have failed to provide her with this necessary care in retaliation against her for bringing the Prior Action, which Z.O. brought with two other residents of the Union Avenue IRA alleging years of

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

horrendous physical and psychological abuse by staff and supervisors at the group home. *Id.* ¶¶ 1-5, 63-65. The abuse uncovered during discovery in the Prior Action was so horrific that the State of New York agreed to relinquish control of the Union Avenue IRA to a private provider in a settlement that also awarded $6 million to the three plaintiffs. *Id.* ¶¶ 61-62. As discussed at the most recent discovery conference, text messages from the day of Z.O.'s death among Defendants in the Present Action link her death to the settlement in the Prior Action. *See* Dkts. 112-1-3.

Because Z.O. alleges that the Prior Action, at least in part, motivated Defendants' maltreatment of Z.O. in the Present Action, documents and deposition testimony from the Prior Action about the abuse Z.O. endured and the group home's failure to address that abuse are relevant to Z.O.'s claims here. However, the majority of that discovery was marked "Confidential" under the Confidentiality Order in the Prior Action, attached hereto as Exhibit 1. (the "Prior Action Confidentiality Order"). The Prior Action Confidentiality Order limits disclosure of materials marked "Confidential" to the Court, the parties, their counsel, witnesses, experts, and support personnel directly involved in that litigation. Ex. 1 ¶ 7. Although Z.O. is a plaintiff in both cases and Elizabeth Gonzalez is a Defendant in both cases, not all of the parties overlap. The other two plaintiffs in the Prior Action are not plaintiffs here, and the two cases have several distinct Defendants. Thus, the current terms of the Prior Action Confidentiality Order do not allow Plaintiff to produce discovery marked "Confidential" in the Prior Action to Defendants in the Present Action, even though it is relevant to her claims here.

*Argument*

The Prior Action Confidentiality Order authorizes the Court to modify it on a motion by one or more of the parties in the Prior Action: "This Stipulation and Order . . . may be modified in whole or in part by order of the Court entered *sua sponte*, upon consent of the Parties, or upon consideration of the motion of one or more of the Parties or the person or entity seeking such modification." *Id.* ¶ 24. Plaintiff was a party in the Prior Action, so her motion is an appropriate basis for the Court to modify the Prior Action Confidentiality Order.

Courts in this Circuit have granted motions to modify confidentiality orders to permit the sharing of confidential materials in a separate case where, as here, the cases concern related subject matter and involve some of the same parties, because "[a]llowing the sharing of discovery among related cases is an efficient and effective means of avoiding duplicative and costly discovery, as well as avoiding unnecessary delay in the adjudication of cases." *Charter Oak Fire Ins. Co. v. Eletrolux Home Prods., Inc.*, 287 F.R.D 130, 134 (E.D.N.Y. 2012) (permitting sharing of confidential materials in related products liability cases); *see also WLIG, Inc. v. Cablevision Systems Corp.*, 879 F. Supp. 229, 232, 236 (E.D.N.Y. 1994). Modification of a protective order to permit the sharing of confidential materials in a related matter is especially appropriate where, as here, the discovery would remain confidential in the related matter, since "there will be no public dissemination, which is what the [original] Protective Order . . . was designed to prevent." *Charter Oak Fire Ins. Co.*, 287 F.R.D. at 134.

Plaintiff's request that materials marked Confidential in the Prior Action continue to receive Confidential treatment under the Qualified Confidentiality Order in the Present Action

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

ensures that documents marked Confidential in the Prior Action will remain shielded from public disclosure. Like the Prior Action Confidentiality Order, the Qualified Protective Order in the Present Action limits disclosure of materials marked "Confidential" to the Court, the parties, their counsel, witnesses, experts, and litigation support personnel. Qualified Protective Order, Dkt. 89, ¶ 10. Thus, the only people who would have access to the materials marked Confidential in the Prior Action are those directly involved in this litigation, which involves two of the same parties and concerns related events at the same State-run group home.

In addition, L.K., the sister and legal guardian of D.K., one of the two other plaintiffs in the Prior Action, consents to Plaintiff's production of materials marked "Confidential" in the Prior Action to Defendants in the Present Action. *See* Ex. 2 (L.K. Affidavit).[1]

*Conclusion*

For the reasons stated above, Plaintiff requests that the Court modify the Prior Action Confidentiality Order to permit Plaintiff to produce documents marked "Confidential" in the Prior Action to Defendants in the Present Action, provided that those documents remain marked "Confidential" and continue to receive Confidential treatment under the Qualified Protective Order in this case.

Respectfully Submitted,

Encl.

c. All counsel of record via ECF

/s
Ilann M. Maazel
Max Selver

---

Application DENIED without prejudice.  Plaintiff is directed to file a letter, not to exceed three pages, showing why the motion was appropriately made in the current case, as opposed to making the motion in the prior case in which the Confidentiality Order was entered. Plaintiff's letter must be filed by no later than **January 24, 2024**.

SO ORDERED.        1/17/2024

*[signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

---

[1] C.R., who was the father legal guardian of B.R., the third plaintiff in the Prior Action, passed away after the settlement of that case. Undersigned counsel spoke with B.R.'s brother and aunt in an attempt to find her current legal guardian, but neither was able to provide paperwork verifying the identity of B.R.'s current legal guardian. However, both indicated on the telephone that they would consent to sharing materials marked "Confidential" in the Prior Action with Defendants in the Present Action.

# Exhibit 1

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 3/7/17 |

D.K., by her Guardian L.K.; Z.O., by her Guardian B.M.; and B.R., by her Guardian C.R.,

          Plaintiffs,

-against-

TIFFANY TEAMS; SHARNELL TUCKER; DEANA LINTON; LASHONDA CONNER; SANDRA GOODWIN; DAPHNE MCKELVEY; JOHN/JANE DOE NOS. 1-10; ELIZABETH GONZALEZ; SHEILA LINDER; JONATHAN PEYTON; JOYCE WHITE; SHERYL MINTER-BROOKS; and KERRY A. DELANEY,

          Defendants.

No. 16 Civ. 03246

**CONFIDENTIALITY ORDER**

WHEREAS, Plaintiffs D.K., by her Guardian L.K.; Z.O., by her Guardian B.M.; and B.R., by her Guardian C.R. ("Plaintiffs"), have filed the above-captioned action in the United States District Court for the Southern District of New York (the "Action") against Defendants TIFFANY TEAMS; SHARNELL TUCKER; DEANA LINTON; LASHONDA CONNER; SANDRA GOODWIN; DAPHNE MCKELVEY; JOHN/JANE DOE NOS. 1-10; ELIZABETH GONZALEZ; SHEILA LINDER; JONATHAN PEYTON; JOYCE WHITE; SHERYL MINTER BROOKS; and KERRY A. DELANEY (collectively, "Defendants");

IT IS hereby ordered that:

**Definitions**

1. As used herein, unless otherwise specified, the term "Producing Party" means the party, or person other than a party, being asked to produce or asserting a confidentiality interest in information or documents designated by that party or person as Confidential Information, as defined in Paragraph 3 below.

2. As used herein, unless otherwise specified, the term "Receiving Party" means the party receiving or requesting production of material designated by the Producing Party as Confidential Information.

3. As used herein, unless otherwise specified, the term "Confidential Information" means information of the following types, whether or not embodied in any physical or electronic medium: (a) personally identifying information; (b) information contained in personnel files that identifies specific individuals; (c) medical, psychological, or mental health records and other medical information; (d) records, reports and other documents pertaining to allegations and investigations into reportable incidents at a facility covered by Section 33.25 of the New York Mental Hygiene Law; (e) financial account information and Social Security numbers; (f) dates of birth; or (g) information required to be kept confidential by law or by court order, provided however that any person or entity has the right to waive confidentiality with respect to information pertaining to him, her, or it to the extent permitted under law.

4. As used herein, unless otherwise specified, the term "Litigation Documents" means all briefs, affidavits, submissions and related papers, all documents produced or exchanged in the course of the Litigation (as hereinafter defined) or any

settlement negotiations, and all transcripts of testimony given in depositions in the Litigation.

5. As used herein, unless otherwise specified, the term "Termination" means the final resolution of the Litigation (as hereinafter defined).

6. As used herein, unless otherwise specified, the "Litigation" means the Action and Claim No. 125375 in the New York State Court of Claims.

**Disclosure of Confidential Information**

7. All matters and materials designated as Confidential Information shall be used solely for the purposes of the Litigation, and shall not be revealed, disclosed or otherwise made available for inspection or copying, except to the following persons or entities :

- (a) the Court and court personnel;
- (b) a court reporter transcribing a deposition, hearing or trial in the Litigation;
- (c) the Parties;
- (d) the State of New York and counsel from the Office of the Attorney General representing it in the Litigation;
- (e) counsel for the Parties and persons acting under counsel's supervision (including attorneys, law clerks, paralegals, legal assistants, secretaries and clerks and independent contractors) assisting in connection with the Litigation;
- (f) outside photocopying, data processing or graphic production services engaged by the Parties or their counsel;
- (g) those outside experts retained by the Parties for purposes of consulting and/or testifying in the Litigation;
- (h) deposition witnesses, trial witnesses, and potential deposition or trial witnesses, to the extent reasonably necessary in

      connection with their potential testimony or in preparation therefor, but only to the extent such persons have been advised of and agree to comply with the terms of this Stipulation and Order;

    (i)  any other person as to whom the Parties agree in writing in accordance with this Stipulation and Order.

  8.  A copy of this Stipulation and Order shall be delivered to each person within categories (g), (h) and (i) of Paragraph 6 to whom disclosure of Confidential Information is made, at or before the time of disclosure, by the person making the disclosure. The provisions of this Stipulation and Order shall be binding upon such person to whom a disclosure of confidential information is made.

**Designation of Confidential Information**

  9.  Confidential Information contained in a document or thing shall be designated specifically by marking the document or thing or confidential portion thereof, respectively, as "CONFIDENTIAL."

  10.  Inadvertent or unintentional production of Confidential Information which has not been so designated shall not be deemed a waiver in whole or part in a claim of Confidential Information treatment. Documents containing Confidential Information that a Producing Party inadvertently failed to designate may be appropriately designated confidential at any time after production. The Producing party shall immediately notify the Receiving Party of the error and provide replacement pages bearing the "Confidential" legend. The Receiving Party shall not be in violation of this Stipulation and Order for any disclosures of such Confidential Information made prior to such notice, which would have been permitted under the terms of this Order but for the subsequent designation by notice. If the Receiving Party disclosed such Confidential Information prior to being notified, the

Receiving Party will promptly inform the Producing Party of such disclosure and will make all reasonable efforts to secure return of such document(s) and the destruction of any copies, electronic or otherwise, that were made or otherwise maintained by any person or entity not a signatory to this Order. .

11. Testimony at any deposition may be designated in good faith by any Party as Confidential Information by indicating on the record at the deposition that the specified part of the testimony is Confidential Information subject to the provisions of this Stipulation and Order. The Producing Party may specifically designate information contained in the transcript as Confidential Information, whether or not previously so designated, by notifying all Parties in writing of the specific pages and lines of the transcript that contain such information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.

12. The Receiving Party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made and its failure to do so at that time shall not operate as a waiver of its right to request that the Court determine the propriety of the designation at any subsequent time, nor in any way preclude a subsequent challenge to such designation, except as provided in Paragraph 13 below.

13. In the event a party disagrees at any stage of the Litigation with the Producing Party's designation of Confidential Information, the disagreeing party shall notify the Producing Party of such disagreement in writing. The Parties shall first try to dispose of such disputes in good faith on an informal basis. If the dispute cannot be resolved within ten (10) business days, the Producing Party must seek within five (5)

business days affirmative relief from the Court permitting the Producing Party to designate the matter in question as Confidential Information. Such applications shall comply with the Individual Practices of the assigned District Judge. The Producing Party's failure to seek relief from the Court within ten (10) business days from the expiration of the initial ten (10) business day informal discussion period shall constitute a waiver of the asserted confidentiality. The party asserting the confidentiality shall bear the burden of demonstrating the propriety of the designation to the satisfaction of the Court, in accordance with Federal Rule of Civil Procedure 26. If the Producing Party seeks relief from the Court within ten (10) days as set forth above, then until any dispute under this paragraph is either resolved informally or ruled upon by the Court, the Producing Party's initial designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required under this Order.

**Miscellaneous**

14. This Stipulation and Order shall not be construed as a waiver by the Parties of any objection that might be raised as to the admissibility of any evidentiary material. This Order does not preclude any person from opposing the production of any information on any proper ground (including privilege grounds).

15. Nothing in this Stipulation and Order shall be construed to permit any document or information to be filed under seal with any Court. Applications to file documents or information under seal shall be governed by the Individual Practices of the assigned District Judge. The Court retains discretion whether to afford confidential treatment to any document or information submitted to the Court in connection with any

motion, application, or proceeding that may result in an order, ruling and/or decision by the Court.

16. This Stipulation and Order shall not preclude counsel for the Parties from using any documents or information designated as Confidential Information during any deposition in this Litigation.

17. Material introduced in evidence at any trial in connection with the Action is presumptively not entitled to confidential treatment in the course of any such trial, even if such material has previously been sealed or designated as Confidential Information. Any party seeking to maintain the confidentiality of documents or information used at trial shall make a separate application to the presiding trial judge at the time of trial. Any party that contemplates using Confidential Information produced by a non-party pursuant to a subpoena at any trial in the Litigation shall provide reasonable notice to the Producing Party so as to allow the Producing Party an opportunity to be heard on any application to retain confidentiality of materials used at trial.

18. All documents marked Confidential shall be maintained by the Parties or counsel in a confidential manner, secure within their exclusive possession, and shall not be given, shown, or described to any persons other than those described in Paragraph 7.

19. Within 60 days after the Termination of the Action, the Receiving Party shall, upon request and at its election, either destroy or return to the Producing Party the original and all copies of Confidential Information produced to the Receiving Party. The Receiving Party shall instruct all parties in receipt of Confidential Information of their obligation to destroy or return it. Notwithstanding the foregoing, counsel for any party

shall be entitled to retain: (a) one copy of documents constituting work product, pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits, and (b) all Confidential Information, as well as court papers, trial transcripts, exhibits and attorney work product, including but without limitation abstracts or summaries of Confidential Information, if required by applicable bar rules and malpractice policies, provided that any such materials are maintained and protected in accordance with the terms of this Stipulation and Order.

20. Insofar as the provisions of this Stipulation and Order restrict the use or communication of any document or information produced hereunder, this Stipulation and Order shall continue to be binding after Termination and the Court shall retain jurisdiction of all persons and Parties bound by this Stipulation and Order for the purposes of its enforcement.

21. Notwithstanding any purported designation by the Producing Party, (a) information and documents are in the public domain or which are already available to the Receiving Party; (b) information previously known to, or documents already in the possession of, the Receiving Party independent of discovery in the Action; (c) information or documents that are or become available to a party from a source other than the party asserting confidentiality; or (d) documents or information that are held by a court not to constitute Confidential Information, shall not be deemed or considered to be Confidential Information under this Stipulation and Order.

22. Pursuant to Local Rule 26.2, the Parties agree that the Parties will not generate a privilege log of emails, correspondence and other forms of communication solely among attorneys who have appeared as counsel of record in the Action ("counsel"),

nor of communications solely between counsel and any individual party to the Action that counsel represents in the Action. In addition, privilege logs will not be produced with respect to documents drafted by attorneys, or by their retained investigators or experts, from the date the Complaint was filed in this Action or in the course of prosecuting or defending the Action, that are subject to the attorney work product doctrine, including notes, reports, memoranda, and pleadings. This Stipulation and Order shall not exempt from any otherwise applicable privilege log requirement materials with respect to which a party asserts the deliberative process privilege, the law enforcement privilege, or any other privilege or immunity applicable specifically to government entities or agents. Nothing in this agreement shall be deemed or construed to have any bearing on whether a given privilege or immunity from disclosure is applicable or has been invoked properly with respect to a given document or communication.

23. Inadvertent disclosures of material protected by the attorney-client privilege, the work product doctrine, or other applicable evidentiary privileges and immunities shall be handled in accordance with Federal Rule of Evidence 502. Upon request by the Producing Party or discovery of an inadvertent disclosure by the Receiving Party, the Receiving Party shall immediately return or destroy any and all copies of such inadvertently produced document(s) that are in its possession, and shall immediately destroy or sequester any attorney work product, such as notes or memoranda, that discloses the contents of such documents. The Receiving Party shall immediately inform the Producing Party if the Receiving Party has sequestered any notes or memoranda. The Producing Party must preserve any inadvertently produced document(s) until all disputes regarding the discoverability of the document(s) have been resolved. If the Court ultimately

determines that the inadvertently produced material is privileged, then the Receiving Party shall destroy all sequestered notes and memoranda within five days of such court order. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

24. This Stipulation and Order, including the time limits set forth in Paragraph 13, may be modified in whole or in part by order of the Court entered *sua sponte*, upon consent of the Parties, or upon consideration of the motion of one or more of the Parties or the person or entity seeking such modification.

25. This Stipulation and Order may be executed in counterparts, which together shall constitute one agreement, and execution by facsimile shall be deemed proper execution.

SO ORDERED:

3/7/17

_____
DEBRA FREEMAN
Chief United States Magistrate Judge

# Exhibit 2

# (Redacted filing)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

B.M., as Administratrix of the Estate of Her Sister Z.O.,

                 *Plaintiff*,

   - against -

ELIZABETH GONZALEZ, SHIRLEY WASHINGTON, PURITY MABODOKO, CHRISTINE BARNETT, NIESHA JOHNSON, BERNICIA SOGBESAN, CAROL CARD, ANGELINE NEELY, TORRAINE BAYNES, RAVEN ELLIS, ANGELA MARTIN, SHEMAIAH HARGROVE, NIESHA WHITE, KRISTAL DIXON, VANESSA WOODS, OLUEBERE NWOKOCHA, AVRIL BROWN, and DAVID ROTCHFORD,

                 *Defendants*.

22-CV-2658 (VC)

---

**AFFIDAVIT OF L▇▇ K▇▇**

STATE OF NEW YORK    )
                                  ) ss.:
COUNTY OF BRONX      )

       I, L▇▇ K▇▇, declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

       1.    My name is L▇▇ K▇▇. I live in the Bronx, New York.

       2.    I am the sister and legal guardian of D.K., one of three plaintiffs in *D.K. et al. v. Teams et al.*, No. 16 Civ. 3246 (S.D.N.Y.) (the "Prior Action").

       3.    I understand that some of the documents and testimony from the Prior Action may be relevant to Plaintiff Z.O.'s claims in this case, *B.M. v. Gonzalez et al.*, No. 22 Civ. 2658 (S.D.N.Y.) (the "Present Action").

4. I further understand that some of the relevant materials from the Prior Action were marked "Confidential" under the Confidentiality Order governing discovery in the Prior Action (the "Prior Action Confidentiality Order"), meaning that Plaintiff may not share those materials with all of the parties in the Present Action.

5. I further understand that Plaintiff wishes to modify the Prior Action Confidentiality Order to permit her to share documents and testimony from the Prior Action with the parties and their attorneys in the Present Action.

6. I hereby consent to modification of the Prior Action Confidentiality Order to permit Plaintiff to produce documents and testimony marked "Confidential" in the Prior Action to Defendants in the Present Action, provided that those materials are marked "Confidential" under the Qualified Protective Order governing discovery in the Present Action.

7. I understand this means that the Court, the parties, their attorneys, and other people directly involved in litigating the Present Action will be able to see and possess documents that were marked Confidential in the Prior Action and use them in the course of litigating the Present Action.

Dated: 1/11, 2024
Bronx, New York

2